**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| MARIO CARRERA, SALVADOR TELLEZ, and JOFFRE GUARANDA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br><br>FARINELLA LLC. (d/b/a FARINELLA), HEAC LLC. (d/b/a FARINELLA), ALBERTO POLO CRETARA and HOWARD ESTRIN,<br><br>*Defendants.* |

**SETTLEMENT AGREEMENT**
**AND**
**GENERAL RELEASE**

15-CV-4969

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs MARIO CARRERA, SALVADOR TELLEZ, and JOFFRE GUARANDA ("Plaintiffs") on the one hand, FARINELLA, LLC and HEAC, LLC ("Defendant Corporations") and ALBERTO POLO CRETARA and HOWARD ESTRIN (together with the Defendant Corporations, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-4969 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiffs' claims and potential claims against Defendants through the Effective Date of this

Agreement, including all attorneys' fees and costs incurred by Plaintiffs, the gross sum of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount") to be paid to Plaintiffs as follows:

(a)     Sixty Thousand and 00/100 Dollars ($60,000.00) by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel on or before January 31, 2015 or ten (10) days following the Court's approval of this Agreement, whichever is later. Determination of the Plaintiffs' share of the Settlement Amount, attorneys' fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

2(a).     Plaintiffs' counsel shall file with the Court a stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exhibit A to this Agreement once the Agreement has been approved by the Court and the payment check has been received by Plaintiffs' counsel and cleared Plaintiffs' counsel's escrow account. There shall be no distribution of settlement funds from Plaintiffs' counsel's escrow account until the Court "so orders" the dismissal of this action.

2(b).     In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by overnight mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately enforce this Agreement.

3.     Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4.     Release and Covenant Not To Sue: Plaintiffs hereby irrevocably and unconditionally release and forever discharge Defendants, their affiliates, parent organizations, subsidiaries, directors, officers, and managers from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had or claimed to have against Defendants relating to their employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiffs' employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New

York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

5. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. Dismissal of the Litigation: Plaintiffs shall file a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this Agreement by reference) with the Court in this action after the Court approves the Agreement and after receipt by Plaintiffs' counsel of the single sum Settlement Amount. In the event that additional documentation is needed to terminate the Litigation as against Defendants, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

7. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

8. Acknowledgment: Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiffs and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiffs represent they have not filed any other lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

9. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following overnight mailing. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Jerrold Foster Goldberg, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
2128019209
Fax: 2128059209
Email: GoldbergJ@gtlaw.com

10.     Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

11.     Enforceability:     If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12.     Release Notification:     Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Confidential Settlement Agreement and General Release have been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

13.     Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such

counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFFS:

Dated: _/2. 23- 2015_  _____
MARIO CARRERA

Dated: _12 - 22 — 2015_  _____
SALVADOR TELLEZ

Dated: _12 - 22 - 2015_  _____
JORGE GUAJARNDA

DEFENDANTS:

Dated: _1/4/16_  _____
ALBERTO POLO CRETARA individually and as
Owner and President of FARINELLA, LLC and
HEAC. LLC

Dated: _1/4/16_  _____
HOWARD ESTRIN

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO CARRERA, SALVADOR TELLEZ, and JOFFRE GUARANDA, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br><br>FARINELLA LLC. (d/b/a FARINELLA), HEAC LLC. (d/b/a FARINELLA), ALBERTO POLO CRETARA and HOWARD ESTRIN,<br><br>Defendants. | 15-CV-4969<br><br>STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties,

that the Complaint and any and all claims that were or could have been asserted in this action against Defendants

FARINELLA, LLC, HEAC, LLC, ALBERTO POLO CRETARA and HOWARD ESTRIN are

hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses,

disbursements, and attorneys' fees.

Date:   New York, New York
        January____, 2016

_____
Jerrold Foster Goldberg
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: 212-801-9209
Fax: 212-805-9209
Email: GoldbergJ@gtlaw.com
*Attorneys for Defendants*

_____
Michael A. Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: 212-317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiffs*